UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YESHIVA CHOFETZ CHAIM INC., RABBI MAYER ZAKS, derivatively on behalf of YESHIVA CHOFETZ CHAIM INC., SIMA WEINTRAUB, derivatively on behalf of YESHIVA CHOFETZ CHAIM INC., SOLOMON STEIN, derivatively on behalf of YESHIVA CHOFETZ CHAIM INC., RONALD SMITH derivatively on behalf of YESHIVA CHOFETZ CHAIM INC., and 82 HIGHVIEW LLC,

      Plaintiffs,

-against-

YESHIVA CHOFETZ CHAIM INC., ARNAV INDUSTRIES INC. PROFIT SHARING PLAN AND TRUST, SHEM OLAM LLC, ARYEH ZAKS, BEATRICE WALDMAN ZAKS, HENOCH ZAKS, ABRAHAM G. ZAKS, and GITTEL LAYOSH ZAKS,

      Defendants.

**ORDER**

21-CV-6054 (PMH)

PHILIP M. HALPERN, United States District Judge:

On July 15, 2021, Defendants filed a notice of removal "for referral to the United States Bankruptcy Court for the Southern District of New York (the 'Bankruptcy Court') of all claims and causes of action asserted in an action pending in the Supreme Court of the State of New York, County of Rockland, under Index No. 036178/2019, entitled Yeshiva Chofetz Chaim Inc., Rabbi Mayer Zaks, derivatively on behalf of Yeshiva Chofetz Chaim Inc., Sima Weintraub, derivatively on behalf of Yeshiva Chofetz Chaim Inc., Solomon Stein, derivatively on behalf of Yeshiva Chofetz Chaim Inc., and 82 Highview LLC, *Plaintiffs, against Yeshiva Chofetz Chaim Inc., 82 Highview LLC, Arnav Industries Inc. Profit Sharing Plan and Trust, Aryeh Zaks, Beatrice Waldman Zaks and Henoch Zaks, the Defendants* [the 'Yeshiva Action']." (Doc. 1 at 1-2).

According to the notice of removal, "[t]he District Court has jurisdiction over the claims in the Yeshiva Action pursuant to 28 U.S.C. §§ 1334(b) and 1452(a) because they arise in and/or are related to the Mosdos Chapter 11 bankruptcy case pending in the Bankruptcy Court, captioned *In re Mosdos Chofetz Chaim, Inc.* (Case No. 12-23616)." (*Id*. at 11).

On July 21, 2021, Plaintiffs moved to remand this case to the Supreme Court of the State of New York, County of Rockland. (Docs. 9-11). On July 27, 2021, Defendants filed a letter in opposition. (Doc. 12). Defendants argue that "the matter should be referred to the Bankruptcy Court for an initial determination of" Plaintifs' remand motion . . . because the claims and causes of action asserted in the removed action represent a direct attack on the Confirmation Order and other orders of the Bankruptcy Court in the matter of *In re Mosdos* (12-2316) . . . and related adversary proceedings . . . ." (Doc. 12). Specifically, Defendants argue that the Bankruptcy Court "is in a better position to . . . determine" Plaintiffs' remand motion "and . . . whether the facts fall within the requirements of" Federal Rule of Bankruptcy Procedure 9027." (*Id*.). Further, Defendants argue that "the matter should be referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157(c) and the January 31 Amended Standing Order of Reference issued by [then-]Chief Judge Preska because the removed action is either a core proceeding or otherwise related to the Mosdos Bankruptcy Case." (*Id*.). The Court agrees with Defendants.

Accordingly, the Clerk of the Court is respectfully directed to refer this case to the Bankruptcy Court as "related to" the pending bankruptcy case captioned *In re Mosdos Chofetz Chaim, Inc.*, No. 12-23616 under the January 31, 2012 Amended Standing Order, No. 12-mc-00032.

SO-ORDERED:

Dated: White Plains, New York
       July 28, 2021

_____
Philip M. Halpern
United States District Judge